# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ANNIE SLOAN INTERIORS, LTD. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 19-807 |
| TIMOTHY R.W. KAPPEL, ET AL | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion to Dismiss** for Failure to State a Claim (Rec. Doc. 8) is **DENIED**.

## FACTUAL BACKGROUND

This matter presents another conflict related to <u>Annie Sloan Interiors, Ltd. v. Jolie Design & Decor, Inc.</u>, 17-CV-11767 (E.D. La.). In the instant suit, Annie Sloan Interiors, Ltd. ("ASI") is suing its former attorney, his firm, and his insurance company, for breach of fiduciary duty and malpractice. Briefly, in this case, ASI contends that attorney Timothy Kappel breached his duty to it by representing Jolie Design & Decor, Inc. ("JDD") and Jolie Home, LLC ("Jolie Home") in an attack on the CHALK PAINT® trademark (based on genericness), when he had previously represented ASI in registering and defending the trademark. ASI also alleges that Kappel committed malpractice by "breach[ing] the fiduciary duties of care, communication, and loyalty owed ASI." Cmplt. ¶ 62. Specifically, the Complaint references the following Louisiana Rules of Professional Conduct ("RPC"): RPC 1.4 (duty to communicate); RPC 1.6 (lawyer shall not reveal information relating to the representation of the client); RPC 1.8 (b) (lawyer shall not use information from one client to the disadvantage of another); RPC 1.9 (lawyer shall not represent

another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of a former client, absent consent).

Defendants oppose, arguing that ASI has failed to state a claim because it has not adequately alleged an existing attorney-client relationship, breach of an applicable standard of care for the rendition of legal services, or that ASI suffered recoverable damages as a result of Kappel's provision of legal services.[1]

## BACKGROUND

ASI's complaint alleges, inter alia, that:

> From 2011 to 2018, attorney Timothy R.W. Kappel acted as U.S. trademark counsel for ASI, a United Kingdom-based decorative paint company. As trademark counsel, Kappel assisted ASI with its U.S. trademark applications and helped defend ASI's trademarks against third-party infringers. Even before ending his relationship with ASI, however, Kappel began attacking ASI's valid trademarks on behalf of a different client. In so doing, Kappel breached his fiduciary and professional duties of loyalty to ASI. These breaches have caused ASI to suffer significant damages and have allowed Kappel and his law firm Farmer Purcell to enrich themselves unjustly.

Cmplt., ¶ 1.

*Legal Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)

---

[1] Defendants also seek to dismiss a purported "unjust enrichment" claim. However, plaintiff's itemized counts do not include such a claim, and at oral argument, plaintiff's counsel disavowed any such claim.

(quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678.

## I. Breach of Fiduciary Duty

The elements of a breach of fiduciary duty claim under Louisiana law,[2] are: "(1) the existence of a fiduciary duty on the part of the defendant; (2) an action taken by the defendant in violation of that duty; and (3) damages to the plaintiff as a result of that action." Hall v. Habul, 2014 WL 2441177, at *2 (M.D. La. May 30, 2014). "The relationship between an attorney and his client is frequently characterized as a fiduciary relationship." Schlesinger v. Herzog, 672 So. 2d 701, 712 (La. Ct. App. 1996), writ denied, 679 So. 2d 1381 (La. 1996) (citing Plaquemines Parish Com. Council v. Delta Development Co., Inc., 502 So.2d 1034, 1040 (La.1987)(other citations omitted). "A claim for breach of fiduciary duty is separate and apart from a claim of legal malpractice...." In re Queyrouze, 580 B.R. 671, 678 (E.D. La. 2017)(citing Hiern v. Sarpy,

---

[2] The parties do not dispute that Louisiana law applies to this claim.

1995 WL 640528, at *13 (E.D. La. 1995); see also Gerdes v. Cush, 953 F.2d 201, 204–06 (5th Cir. 1992); Newsome v. Mendler, 2015 WL 5012310, at *4 n.1 (E.D. La. 2015)). "If a claim involves a lawyer's "self-dealing or a breach of the duty of loyalty," then it is a breach of fiduciary duty claim." Queyrouze, 580 B.R. at 678, n. 14 (citing Gerdes, 953 F.2d at 204–06).

The Louisiana State Bar Association's Rules of Professional Conduct ("RPC") "have the force and effect of substantive law." Schlesinger, 672 So. 2d at 707. Thus, an ethical obligation under the RPC creates a legal duty. Id.

Louisiana RPC 1.9 provides in part:

>   (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> . . . .
>   (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>     (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
>     (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

ASI alleges that Kappel breached its ongoing fiduciary duty owed to it because Kappel, ASI's lawyer, has represented both JDD and Jolie Home, in a substantially related matter in which ASI is materially adverse to JDD and Jolie Home, in violation of RPC 1.9(a). ASI also alleges that relying on Kappel's duty of loyalty during the course of their attorney-client relationship, it shared confidential information regarding the CHALK PAINT® marks with

4

Kappel, and Kappel breached that duty by instructing and advising third parties, JDD and Jolie Home, on how to attack the property rights in the CHALK PAINT® marks he helped ASI obtain and enforce, violating RPC 1.9(c).

In moving to dismiss, defendants argue that there are no plausible allegations of an attorney-client relationship between Kappel and ASI after 2015. In so arguing, defendants point to the 2015 letter from Kappel terminating representation, and claim that ASI does not allege damages caused by deficient legal services during Kappel's representation of ASI. Defendants also argue that the damages alleged by ASI could not have resulted from any breach of confidentiality, because the challenge to ASI's mark is premised upon genericness, which is based upon public perception, not any confidential information. Finally, defendants argue that ASI waived the right to complain of any conflict when it signed a joint representation agreement and waiver in 2011 when Kappel (who represented Jolie Design at that time) first signed on to undertake ASI's trademark representation.

By its terms, the duty of loyalty codified in RPC 1.9 applies to former representation, and thus survives termination of the representation. RPC 1.9. Accordingly, the 2015 termination letter, if effective, is irrelevant to the breach of fiduciary duty claim based upon Kappel's former representation. Second, no breach of confidentiality is required to bring a claim under RPC1.9(a). All that is required is that the new client's interests be adverse to the original client's interests in a substantially related matter, and that the original client did not provide informed consent to the new representation.

Defendants argue that ASI provided informed consent to Kappel's later representation of

5

JDD and Jolie Home, because ASI executed a conflict waiver at the time Kappel took on the representation. However, while a conflict waiver was executed waiving the conflict with Kappel with respect to representation of ASI and JDD, no waiver was executed waiving a conflict with respect to Kappel's subsequent representation of Jolie Home. Therefore, the waiver does not constitute informed consent to Kappel 's representation of Jolie Home.

Whether a breach of confidentiality which would support a claim under RPC 1.9(c) occurred is a fact issue, not susceptible to resolution on a 12(b) motion. However, it has been adequately alleged. The damages sought are the fees expended by ASI defend its mark after Kappel began representing Jolie Home in challenging it.

In sum, ASI's argument is straightforward: it alleges that Kappel breached a duty of loyalty by using knowledge gained during his representation of ASI to assist a different client in a challenge to its mark, and that its damages consist of the money expended in defending the mark and any resulting diminution in the value of the mark. The claim is plausible on its face, and under the facts pleaded, the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged," and thus the claim can withstand a 12(b)(6) challenge. Iqbal, 556 U.S. at 678. The motion to dismiss ASI's breach of fiduciary duty claim is therefore denied.

## II. Legal Malpractice

To state a claim for legal malpractice, a plaintiff must allege: (1) an attorney-client relationship; (2) the attorney was guilty of negligence or professional impropriety in his relationship with the client; and (3) this misconduct caused some loss to plaintiff. Dier v. Hamilton, 501 So. 2d 1059, 1061 (La. Ct. App. 1987)(citing cases).

Legal malpractice claims are subject to a one-year prescriptive period and a three-year peremptive period. La. R.S. 9:5605 (A). Generally, the party raising a prescription argument bears the burden of proving its application. Roane v. Jones, 116 So. 3d 700, 707 (La. App. 2013) (citing McKinley v. Scott, 17 So. 3d 81 (La. App. 2009)).

Defendants argue that ASI's legal malpractice claims are prescribed or perempted, because they arise from acts or omissions occurring more than three years after the 2015 termination letter from Kappel, and more than one year after ASI's representation was taken over by at least two different law firms (Jones Walker represented ASI at least as of November 2017). Suit was filed on February 1, 2019. However, the plaintiff's complaint alleges that "Kappel remained ASI's designated attorney in the CHALK PAINT® stylized design trademark proceedings—and held the power to act on ASI's behalf—throughout the time period from June 2012 through mid-2018, until his power of attorney was revoked and he was replaced as attorney of record on June 1, 2018." Complt., ¶ 20. It is ASI's position that Kappel's representation did not actually terminate until he was removed as its attorney before the United States Patent and Trademark Office ("USPTO"), on June 1, 2018, and that up until that date, he remained enrolled before the USPTO as ASI's attorney of record, holding the full power of attorney for CHALK PAINT® design mark before the USPTO. ASI also argues that in failing to withdraw as attorney of record at the USPTO, Kappel failed to perfect or complete his termination based on the 2015 termination letter.[3] Finally, ASI also points to Kappel's continuing work alongside ASI under a

---

[3] Kappel's January 15, 2015 termination letter recited that "I [Kappel] will be filing the necessary paperwork with the United States Patent and Trademark Office and the Trademark Trial and Appeals Board ot notify them of my withdrawal of counsel." ASI contends that

joint interest arrangement with ASI's enrolled counsel in the so-called *BB Frosch* litigation[4] filed in May 2017, in which it alleges that while not officially enrolled, Kappel supervised ASI's Nevada counsel in that matter.

The court finds that resolution of these questions, which are fact questions, is not appropriate on a motion to dismiss under 12(b)(6), and accordingly, defendants' motion to dismiss based on prescription or peremption is also denied. Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' **Motion to Dismiss** for Failure to State a Claim (Rec. Doc. 8) is **DENIED**.

New Orleans, Louisiana, this  13th   day of June, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

Kappel's failure to file the necessary paperwork until June, 2018 means that Kappel's representation did not terminate until June, 2018.

[4] Originally filed as <u>Jolie Design & Décor, Inc., and Annie Sloan Interiors, Ltd. v. BB Frosch, LLC et al.</u>, Civ. Action No. 17-5052 (Africk, J.), the case was transferred to the District of Nevada on January 4, 2018, where it was docketed as Civil Action No. 18-145 (D. Nev.).